```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE PRUDENTIAL INSURANCE      :      CIVIL ACTION
COMPANY OF AMERICA            :
                              :
          v.                  :
                              :
ESTATE OF LOUIS DESIMONE,     :
et al.                        :      NO. 11-5063
```

MEMORANDUM

Bartle, J.                                          October 25, 2012

Plaintiff The Prudential Insurance Company of America ("Prudential") brought this interpleader action to resolve disputed claims to certain employee benefits due as a result of the death of Louis D. Desimone ("decedent").  Before the court is the motion of Prudential for attorneys' fees and costs incurred in bringing this action in the amount of $34,610.13.

The decedent had been an employee of Prudential and participated in four employee benefit plans.  After his death on November 6, 2010, Prudential faced competing claims to benefits from the plans.  Specifically, Prudential was alerted to claims or potential claims by the decedent's former spouse, Elizabeth Desimone; his adult children, Diana, Andrea, Ross, and Sharon Desimone; his purported common law wife, Lauray Cammarato ("Cammarato") and her children, Victoria T. Clow and Francesca H. Desimone; and his brother and executor of the estate, Joseph Desimone, on behalf of the Estate of the decedent.  Prudential

brought this interpleader action to resolve the claims among these parties, who are all defendants in this action.

The approximate dollar amounts of the benefits at issue are $695,876 in the Prudential Employee Savings Plan, $43,427 in the Prudential Supplemental Employee Savings Plan, $1,149,359 in the Merged Retirement Plan, and $174,434 payable in the form of a monthly life annuity of $1,449 in the Supplemental Retirement Plan, for a total of $2,063,096.[1]  At the request of the defendants and with approval of the court, Prudential did not deposit the benefits with the court during the pendency of this litigation but rather continued to invest them in its own accounts.  The benefits increased in value by approximately $92,000 during this time.

Prudential submitted billing records from its attorneys at Morgan, Lewis & Bockius LLP ("Morgan Lewis") showing $36,222.00 expended in attorneys' fees and $2,028.13 in costs incurred.  Morgan Lewis subtracted $3,640 from this sum for a total request of $34,610.13.  Morgan Lewis additionally discounted its normal rates from $595 to $540 (9%) for the hourly rate of the partner working on the case and from $320 to $310 (3%) for the hourly rate of the associate working on the case. The attorneys' fees and costs were generally attributed to time spent on drafting, revising, researching, and finalizing the

---

1.  These values are as of September 14, 2012.  The value of the Supplemental Retirement Plan has remained the same since the death of the decedent on November 6, 2010.

complaint and amended complaint, locating and serving the complaint on each defendant, preparing for and attending status conferences, coordinating with the defendants regarding settlement, preparing the settlement agreement, and preparing the present motion for attorneys' fees.

Not all of the defendants responded to Prudential's motion for attorneys' fees and costs. Specifically, Cammarato and her children filed no response. All the defendants who filed responses contend that Cammarato's claim for benefits by alleging she was the legal spouse of the decedent at the time of his death was unsubstantiated and should not have been afforded any weight by Prudential. The children of the decedent (Andrea, Sharon, Ross, and Diane Desimone) go further by contending that Prudential acted recklessly in bringing this action without any proof that Cammarato was the spouse of the decedent, thus breaching its duty of fiduciary care.

Elizabeth Desimone contends that Prudential's motion should be denied because determining the proper payee of benefits falls within the ordinary course of Prudential's business. However, Elizabeth Desimone maintains that if Prudential's motion is not denied, only Cammarato should be responsible for paying Prudential's attorneys' fees and costs, or the fees and costs should be paid out of the increase in value to the interpleader fund that has occurred during the pendency of this action. The Estate of the decedent and Joseph P. Desimone note in their response that they did not make any claim for the benefits and

will not be receiving any.  No defendant contests the reasonableness of the fees.

Interpleader is an equitable remedy which allows a person holding property to join two or more persons asserting claims to that property in a single suit.  <u>Metro. Life Ins. Co. v. Price</u>, 501 F.3d 271, 275 (3d Cir. 2007) (citations omitted). In an interpleader action, the plaintiff is a stakeholder which admits it is liable to one of the claimants but would like to avoid multiple liability.  <u>Id.</u>  (internal quotation omitted).  It is within the sound discretion of the district court whether to award an interpleader plaintiff attorneys' fees and costs if the plaintiff is "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability."  <u>Metro. Life Ins. Co. v. Kubichek</u>, 83 F. App'x 425, 431 (3d Cir. 2003) (citations omitted).  None of the defendants contends that Prudential does not meet this standard.

We find no merit in the argument by some of the defendants that Prudential erred in bringing this action and is therefore not entitled to any attorneys' fees because it had no proof of Cammarato's claim that she was the common law wife of the decedent at the time of his death.  No defendant cites any law for the proposition that an interpleader plaintiff must have proof of the merit of the claims or potential claims to benefits prior to bringing an action.  Rather, as noted above, the purpose of bringing an interpleader action is to avoid multiple

liability.  Metro. Life Ins. Co., 501 F.3d at 275.  Accordingly, there is no basis to deny Prudential attorneys' fees for failing to obtain proof of Cammarato's claim.

A court may deny fees to an interpleader plaintiff if determining the proper payee of benefits falls squarely in the ordinary course of the plaintiff's business and the plaintiff filed the action simply to "free itself from ongoing litigation or the vexation of multiple lawsuits."  Allstate Settlement Corp. v. United States, NO. 07-5123, 2008 U.S. Dist. LEXIS 41700, at *23-24 (E.D. Pa. 2008) (quoting Prudential Ins. Co. of Am. v. Richmond, No. 06-525, 2007 U.S. Dist. LEXIS 48458, at *4 (D.N.J. July 2, 2007)).  The reasoning for this exception is that an award to such a plaintiff "would constitute a shifting of some of the stakeholder's ordinary business expenses to the claimants." Fidelity Bank v. Commonwealth Marine and Gen. Assur. Co., 592 F. Supp. 513, 526 (E.D. Pa. 1984).  As noted above, Elizabeth Desimone argues that Prudential is not entitled to any attorneys' fees or costs because ascertaining the proper payee of benefits falls within the ordinary course of its business.

Prudential denies that it was in the ordinary course of its business to resolve who were the proper beneficiaries of the decedent.  In the cases cited by Elizabeth Desimone in which interpleader plaintiffs were denied attorneys' fees and costs because they were acting in the ordinary course of their businesses, those interpleader plaintiffs were insurance companies in cases involving insurance benefits.  See AIG Life

Ins. Co. v. Rafferty, No. 07-3099, 2008 U.S. Dist. LEXIS 36752, at *3 (E.D. Pa. May 6, 2008); SMA Life Assur. Co. v. Piller, No. 86-2959, 1986 U.S. Dist. LEXIS 17770 (E.D. Pa. Nov. 13, 1986); Fidelity Bank v. Commonwealth Marine and Gen. Assur. Co., 592 F. Supp. 513, 526 (E.D. Pa. 1984).  Here, Prudential brought this action in its capacity as the decedent's former employer and therefore as employer-sponsor and plan administrator for the plans and not as an insurer.  The decedent participated in the benefit plans at issue because he was an employee of Prudential, not because Prudential was his insurance company.  This action was not part of the ordinary course of Prudential's business as an employer, and it is entitled to payment for its attorneys' fees and costs.

      Although no defendant contests the amount of fees and costs requested by Prudential, the court may independently determine whether such a request is reasonable as part of its discretionary authority to make the award.  See, e.g., Steamfitters Local Union No. 420 Welfare Fund v. Belfiglio, No. 90-4536, 1991 U.S. Dist. LEXIS 1357 (E.D. Pa. Feb. 5, 1991).  We will deduct some of the fees because we find them to be unreasonable.

      This court held a status conference on November 28, 2011 pursuant to Rule 16 of the Federal Rules of Civil Procedure. On this day, the associate billed three hours to "[p]repare and attend status conference," and the partner billed 1.8 hours to "[p]repare for and attend Rule 16 hearing to discuss case

status."  It was not necessary or reasonable for both attorneys to attend this conference.  We thus deduct three hours, that is $930, from the associate's time.  Similarly, for a December 28, 2011 status conference held by the court, the associate billed 2.3 hours to "prepare for and attend conference," and the partner billed 1.2 hours to "prepare for and attend conference."  We subtract 2.3 hours, that is $713, from the associate's time as unnecessary.  Again, on June 6, 2011, both attorneys attended another status conference held by the court.  The associate billed 2.2 hours to "[p]repare for, attend, and summarize Rule 16 conference," and the partner billed 1.3 hours to "prepare for and attend court conference."  We will deduct 2.2 hours, that is $682, from the associate's time.  Accordingly, the total deducted for duplicated time at court status conferences will be $2,325.

       None of the other time spent on this action by the Morgan Lewis attorneys appears to have been unreasonable.  For example, approximately 30 hours were spent preparing the complaint and the amended complaint and filing and serving these complaints on the defendants.  This time was reasonably spent.  The bulk of the rest of the time was spent communicating with the client and parties on the settlement agreement.  This time was necessary to the resolution of this matter.  Moreover, as discussed above, the Morgan Lewis attorneys discounted their hourly rates and deducted $3,640 from the time billed in their request.  We accordingly find the remainder of the time spent by the Morgan Lewis attorneys to have been reasonable.

We must also determine from where to draw the award of attorneys' fees and costs.  Attorney' fees and costs are "generally awarded against the interpleader fund, but may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it."  Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989) (citing Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1497-98 (11th Cir. 1986)).  Cammarato has not responded to this motion, and we will not order her to pay the requested attorneys' fees and costs.  While she may have unnecessarily prolonged the resolution of this matter, it does not appear that Prudential spent any significant amount of additional time because of Cammarato's actions.  We find it appropriate that payment of the fees and costs should be awarded against the interpleader funds.

In sum, the motion of Prudential for attorneys' fees and costs will be granted in part, minus $2,325 that we found was redundant.  Payment of those fees and costs will be assessed pro rata from the four benefit funds held by Prudential.